Seifert agt. Schillner.

## SUPREME COURT.

ANN SEIFERT agt. MICHAEL SCHILLNER.

*Costs — of term not to be awarded to plaintiff against defendant when defend-
ant has noticed case for trial, but does not move it when reached.*

The court will not compel a party who has himself noticed a case for trial,
but for some reason does not move it, to pay costs to another party who
has not put himself in the same position. By noticing a case he keeps
for himself control of it at the circuit.

If the plaintiff does not move after he has brought the defendant into
court, he may be punished by a motion, under the Code, to dismiss the
case for want of prosecution. But no similar remedy is given to the
plaintiff where the defendant, having noticed the case for trial, does not
move it when the case is reached upon the calendar.

*Lewis Special Term, June,* 1881.

MOTION to compel defendant to pay plaintiff the costs of
the May term of the Oneida circuit, 1881.

The following facts appeared upon the hearing:

The cause was at issue and was noticed for trial by the
defendant for the May term of the Oneida circuit. The
plaintiff omitted to notice it because of the serious illness of
the plaintiff. About one week before the court convened
the defendant's attorney stated to plaintiff's attorney that
plaintiff's physician had informed him that "she was ill, and
that he would not be surprised if she did not live many
months." Defendant's attorney further stated that he should
try the case at the approaching term. By the ninth of May
plaintiff had so far recovered as to attend the term. Defend-
ant placed the cause on the day calendar for the tenth, and
on the morning of the tenth plaintiff's attorney called upon
defendant's attorney for the purpose of making some arrange-
ment with him (the attorneys for plaintiff and defendant
residing at Rome, and the court being in session at Utica),
when defendant's attorney informed him that "he would not

be responsible for a default; that when the case was reached it would be moved." Plaintiff's attorney, in company with plaintiff, who was very feeble, and her witnesses, then attended the term at Utica daily, until the twenty-fourth of June, when the case was reached and passed, defendant making no appearance.

After plaintiff's attorney had been in attendance upon the term for four days, defendant's counsel asked plaintiff's attorney if he was ready for trial, and stated that he did not think defendant's attorney intended to try the case; that he told him if plaintiff's attorney was not ready, to move it, otherwise not. Defendant's attorney also stated to another attorney that his readiness to try the case would depend upon the readiness of plaintiff's attorney; that plaintiff had not noticed it, and could not move it, and he should default him if he was not ready. The attorney for the defendant did not deny any of the above statements, but claimed that he intended to try the case, but was prevented by other engagements.

Plaintiff received no notice that defendant did not intend to try the case except as above.

*Oswald Prentiss Backus*, for motion. Defendant should have countermanded his notice of trial if he did not intend to try the case; not having done so he is chargeable with the costs of the term (3 *Wait's Supreme Court Pr.*, 37). Under the practice as it existed prior to the Code, the plaintiff only could give notice of trial in personal actions. If he did so, and brought defendant and his witnesses into court, and then failed to try the case, he was obliged to pay the costs of the term (1 *Dunlap's Pr.*, 553, 585). In actions of replevin, writs of prohibition and writs of error, where error in fact was assigned as the ground of error, and where a feigned issue was awarded from chancery, either party might notice for trial as under the Code, and if the defendant gave notice of trial, and after such notice failed to proceed or countermand his notice in due time, he was liable to pay the plaintiff the

Seifert agt. Schillner.

costs of the term (1 *Dunlap's Pr.*, 553; *Townsend* agt. *Cowen*, 19 *Wend.*, 639; 1 *Sellon's Pr.*, 413; 2 *Str.*, 797; 2 *Saund.*, 336; 2 *Archbold's Pr.*, 242; *Potter* agt. *Lewis*, 18 *Wend.*, 159, *note;* 9 *Wend.*, 497; *Dauchy* agt. *Allen*, 3 *How. Pr.*, 212; *Keys* agt. *Beardsley*, 18 *Johns.*, 135).

*E. L. Stevens*, opposed, argued that it was not the practice under the Code to grant motions of this character, and no decisions since the Code could be found authorizing it.

CHURCHILL, *J.* — I think I shall be obliged to deny this motion. It is entirely new in the practice, which has covered the whole period of the Code, for the plaintiff to make a motion of this kind. Litigation is war. Parties occupy, as the courts recognize, hostile positions; each man is expected to put himself into position to protect his rights. The court will see that the parties do not exercise any fraud, either upon the other, but will not compel a party who has himself noticed a case for trial, but for some reason does not move it, to pay costs to another party who has not put himself in the same position. By noticing a case he keeps for himself control of it at the circuit. The fact that neither party has been able to find any cases in the numerous volumes of reports of practice which have appeared since the adoption of the Code, would seem to be sufficient reason to presume that it was not the practice in this state.

If the plaintiff does not move after he has brought the defendant into court, he may be punished by a motion under the Code to dismiss the case for want of prosecution. But no similar remedy is given by the rules of practice, or by the Code, or by the acknowledged practice of the court, to the plaintiff, where the defendant having noticed the case for trial does not move it when the case is reached upon the calendar. It might be very proper — I think it would be — that the rules of the court regulating the day calendar should compel the party who puts a cause upon the day calendar to move it

when reached, whether noticed by the other side or not. But in the absence of any rule to that effect, I know of no power to grant the motion. It is a novel question and I will deny it, without costs.